[L.A. No. 30571. In Bank. Sept. 7, 1976.]

LAURIE IRENE MURPHY, Plaintiff and Appellant, v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

David Sherer and Ned Good for Plaintiff and Appellant.

Ruston, Nance, McCormick & Dicaro, Ruston & Nance, Patrick A. McCormick, Jr., and Ellis J. Horvitz for Defendant and Respondent.

**OPINION**

**CLARK, J.**—Having received only partial satisfaction of her judgment against the insured tortfeasor, plaintiff seeks the balance from the insurer for refusing settlement within policy limits. However, there being no allegation the insured assigned his cause of action for breach of the covenant to settle, the trial court granted judgment on the pleadings in favor of the insurer, and plaintiff appeals. We affirm the judgment.

The complaint alleges plaintiff sued Pollard—insured by Allstate Insurance Company—for wrongful death of her nine-year-old son. Allstate rejected settlement demands of $23,500 and $25,000, the latter being the maximum coverage provided by Pollard's policy. Plaintiff thereafter received a verdict of $85,000, but on motion for new trial, accepted a reduction in judgment to $42,000.

Subsequent to entry of judgment, Allstate advised it would pay the policy limit of $25,000 and, if that were rejected, would appeal. The offer was rejected, and Allstate appealed contending the award was excessive.[1] As Allstate posted no bond on appeal, plaintiff obtained writ of execution ordering immediate payment by Pollard of the judgment plus interest. In supplemental proceedings pursuant to Code of Civil Procedure section 717, Allstate denied obligation owing to either Pollard or to plaintiff.

Plaintiff brought the present action against Allstate alleging breach of the duty of good faith to its insured by having refused to settle within policy limits. There is no allegation Pollard has assigned any cause of action.

In her first cause of action, plaintiff seeks recovery under Insurance Code section 11580, subdivision (b)(2), authorizing direct action against the insurance company by a judgment creditor. In her second, plaintiff alleges direct action is permitted by Code of Civil Procedure section 720 by creditors' suit. Allstate moved for judgment on the pleadings, first on the ground there is no allegation Pollard assigned to plaintiff his cause of action for failure to settle and, secondly that Allstate is not indebted to Pollard within the meaning of section 720.[2] The motion was granted.

## THE DUTY TO SETTLE

This court has observed that "[i]n every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement" (*Brown* v. *Superior Court* (1949) 34 Cal.2d 559, 564 [212 P.2d 878]), that this principle is applicable to insurance policies, and that "the

[1]The award was affirmed by the Court of Appeal (4 Civ. 11267), and we denied hearing.

[2]Plaintiff's memorandum of points and authorities in opposition to the motion for judgment on the pleadings recites Allstate has paid Murphy $27,464.77 (policy limits plus interests and costs).

implied obligation of good faith and fair dealing requires the insurer to settle in an appropriate case although the express terms of the policy do not impose such a duty" (*Comunale* v. *Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 659 [328 P.2d 198, 68 A.L.R.2d 883]).

More specifically, the insurer must settle within policy limits when there is substantial likelihood of recovery in excess of those limits. (*Johansen* v. *California State Auto. Assn. Inter-Ins. Bureau* (1975) 15 Cal.3d 9, 16 [123 Cal.Rptr. 288, 538 P.2d 744]; *Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425, 430 [58 Cal.Rptr. 13, 426 P.2d 173].)

The duty to settle is implied in law to protect the insured from exposure to liability in excess of coverage as a result of the insurer's gamble—on which only the insured might lose. (See *Shapero* v. *Allstate Ins. Co.* (1971) 14 Cal.App.3d 433 [92 Cal.Rptr. 244].)

The insurer's duty to settle does not directly benefit the injured claimant. In fact, he usually benefits from the duty's breach. Instead of receiving an award near policy limits, he stands to obtain judgment exceeding policy coverage. For instance, in the present case plaintiff has already received an amount equal to her highest settlement demand, holding an unsatisfied judgment for an additional $17,500.

The insurer's duty to settle—running to the insured and not to the injured claimant—is also demonstrated by *Shapero* v. *Allstate Ins. Co.*, *supra*, 14 Cal.App.3d 433. The insured died leaving no asset other than the insurance policy. Thus, a judgment in excess of policy limits presenting no risk to the insured or to his heirs, the insurer had no duty to settle within policy limits.

When the carrier does breach its duty to settle, the insured has been allowed to recover excess award over policy limits (*Comunale* v. *Traders & General Ins. Co., supra*, 50 Cal.2d 654, 659), economic loss (*Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425 [58 Cal.Rptr. 13, 426 P.2d 173]), physical impairment (*Silberg* v. *California Life Ins. Co.* (1974) 11 Cal.3d 452 [113 Cal.Rptr. 711, 521 P.2d 1103]), emotional distress (*Silberg* v. *California Life Ins. Co., supra*; *Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566 [108 Cal.Rptr. 480, 510 P.2d 1032]; *Crisci* v. *Security*

*Ins. Co., supra*), and punitive damage (*Silberg* v. *California Life Ins. Co., supra*).[3]

■ The insured may assign his cause of action for breach of the duty to settle without consent of the insurance carrier, even when the policy provisions provide the contrary. (*Comunale* v. *Traders & General Ins. Co., supra,* 50 Cal.2d at pp. 661-662.) However, part of the damage arises from the personal tort aspect of the bad faith cause of action. (*Crisci* v. *Security Ins. Co., supra,* 66 Cal.2d at p. 433.) And because a purely personal tort cause of action is not assignable in California, it must be concluded that damage for emotional distress is not assignable. (See *Reichert* v. *General Ins. Co.* (1968) 68 Cal.2d 822, 834 [69 Cal.Rptr. 321, 442 P.2d 377]; 7 Cal.Jur.3d, Assignments, § 5 at pp. 12-13.) The same is true of a claim for punitive damage. (*People* v. *Superior Court* (1973) 9 Cal.3d 283, 287 [107 Cal.Rptr. 192, 507 P.2d 1400, 55 A.L.R.3d 191]; *Dugar* v. *Happy Tiger Records, Inc.* (1974) 41 Cal.App.3d 811, 819 [116 Cal.Rptr. 412]; see *French* v. *Orange County Inv. Corp.* (1932) 125 Cal.App. 587, 591 [13 P.2d 1046].)

In *Purcell* v. *Colonial Ins. Co.* (1971) 20 Cal.App.3d 807, 814 [97 Cal.Rptr. 874], an insured assigned his cause of action for breach of the duty to settle, the assignee suing on the assignment. Subsequently, the insured sued for mental distress. The second action was held to violate the rule against splitting a cause of action. (See *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 464 [115 Cal.Rptr. 797, 525 P.2d 701].) The court suggested the insured should have brought a single action in his own name for all damage, agreeing to pay part of the recovery to the assignee.

## INSURANCE CODE SECTION 11580, SUBDIVISION (b)(2)

■ Insurance Code section 11580 lists provisions to be included in every liability insurance policy issued or delivered in this state.[4]

---

[3] Unlike other damages listed in the text, punitive damage may not be recovered for mere breach of the covenant without more: "While we have concluded that defendant violated its duty of good faith and fair dealing, this alone does not necessarily establish that defendant acted with the requisite intent to injure plaintiff." (*Silberg* v. *California Life Ins. Co., supra,* at pp. 462-463.) Defendant must act with intent to vex, injure or annoy, or with a conscious disregard of plaintiff's rights. (*Id.*)

[4] Insurance Code section 11580, subdivision (b): "Such policy shall not be thus issued or delivered to any person in this State unless it contains all of the following provisions: (1) A provision that the insolvency or bankruptcy of the insured will not release the insurer from payment of damages for injury sustained or loss occasioned during the life of such policy. (2) A provision that whenever judgment is secured against the insured or

Subdivision (b), subpart (1) provides insolvency or bankruptcy of the insured will not release the insurer from payment, and subpart (2) of the subdivision permits the judgment creditor of the insured to maintain an action "against the insurer on the policy and subject to its terms and limitations . . . to recover on the judgment."

Subpart (2) makes the judgment creditor a third party beneficiary of the insurance contract between the insurer and the insured. (*Interinsurance Exchange* v. *Savior* (1975) 51 Cal.App.3d 691, 694 [124 Cal.Rptr. 239]; *Johnson* v. *Holmes Tuttle Lincoln-Merc.* (1958) 160 Cal.App.2d 290, 296-298 [325 P.2d 193]; *Olds* v. *General Acc. Fire Etc. Corp.* (1945) 67 Cal.App.2d 812, 824 [155 P.2d 676]; see *Barrera* v. *State Farm Mut. Automobile Ins. Co.* (1969) 71 Cal.2d 659, 670-673 [79 Cal.Rptr. 106, 456 P.2d 674].)

A third party beneficiary may enforce a contract expressly made for his benefit. (Civ. Code, § 1559.) And although the contract may not have been made to benefit him alone, he may enforce those promises directly made for him. (See *Hartman Ranch Co.* v. *Associated Oil Co.* (1937) 10 Cal.2d 232 [73 P.2d 1163]; *Johnson* v. *Holmes Tuttle Lincoln-Merc., supra,* 160 Cal.App.2d 290, 297; *LeBallister* v. *Redwood Theatres, Inc.* (1934) 1 Cal.App.2d 447 [36 P.2d 827]; *Miles* v. *Miles* (1926) 77 Cal.App. 219, 228 [246 P. 143].)

The injured claimant's rights under the statute may extend beyond third party beneficiary principles. In *Barrera* v. *State Farm Mut. Automobile Ins. Co., supra,* 71 Cal.2d 659, 670 et seq. this court held that Insurance Code section 11580 must be read in light of the Financial Responsibility Law and that its underlying policy providing benefits to injured parties may not be limited by third party beneficiary law. On the basis of that policy, it was held that in an action by the injured claimant, misrepresentations by the insured do not constitute a defense for an insurer who failed to promptly investigate insurability. (Cf. *Shapiro* v. *Republic Indem. Co. of America* (1959) 52 Cal.2d 437, 440 [341 P.2d 289].)

However, while the implied covenant of good faith and fair dealing has become a contract "term" within the meaning of section 11580,

the executor or administrator of a deceased insured in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment."

neither third party beneficiary doctrine nor the Financial Responsibility Law warrant granting the injured claimant the right to recover from the insurer for breach of the duty to settle.

A third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him. (*Lucas* v. *Hamm* (1961) 56 Cal.2d 583, 590-591 [15 Cal.Rptr. 821, 364 P.2d 685]; 4 Corbin, Contracts (1951) §§ 775-777, pp. 8-28; 2 Williston, Contracts (1959) § 356A, pp. 835-842.) As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler. Permitting a third party to enforce a covenant made solely to benefit others would lead to the anomaly of granting him a bonus after his receiving all intended benefit. Because, as we have seen, the duty to settle is intended to benefit the insured and not the injured claimant, third party beneficiary doctrine does not furnish a basis for the latter to recover. Moreover, Allstate having paid plaintiff the policy limits, she has already received all benefit contemplated by the policy.

Next, the Financial Responsibility Law does not require plaintiff be permitted to sue for breach of the duty to settle. Again, the duty is based not on the Financial Responsibility Law but rather on the implied covenant of good faith and fair dealing found in every contract. Unlike a failure to investigate the representations of the insured, a breach of the duty to settle does not involve the risk that a person injured by a negligent motorist will fail to receive the compensation called for by that law. Breach of the duty to settle will, if anything, allow the injured party to recover the amount of the offered settlement, perhaps an additional sum to the extent of the policy limits, and sums in excess of those limits from the negligent motorist. Because an insurer's refusal to accept a reasonable settlement does not diminish the injured claimant's recovery, the policy of compensating persons injured by negligent motorists is not frustrated.

Having concluded section 11580 does not authorize plaintiff to proceed against Allstate for the excess of the judgment over policy limits, we next consider whether Code of Civil Procedure section 720 permits plaintiff to proceed by way of creditors' suit.

## CODE OF CIVIL PROCEDURE SECTION 720

A cause of action is not subject to levy and execution sale. (Code Civ. Proc., § 688; *Roseburg Loggers, Inc.* v. *U.S. Plywood-Champion Papers, Inc.* (1975) 14 Cal.3d 742, 750 [122 Cal.Rptr. 567, 537 P.2d 399].) Code of Civil Procedure sections 714-723 provide for supplemental proceedings for a judgment creditor when his writ of execution against the judgment debtor has been returned unsatisfied.

Section 719 states that in supplemental proceedings, property of the judgment debtor may be ordered applied toward satisfaction of the judgment provided that no such order may be made as to property or money in the hands of another who also claims an interest in the property adverse to the judgment debtor or who denies the debt.

When the judgment debtor's alleged debtor denies owing the judgment debtor or denies holding property in which the judgment debtor claims an interest, the judgment creditor must proceed by creditors' suit under section 720. (*Bond* v. *Bulgheroni* (1932) 215 Cal. 7, 10 [8 P.2d 130].) That section provides: "If it appears that a person or corporation, alleged to have property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or denies the debt, the judgment creditor may maintain an action against such person or corporation for the recovery of such interest or debt . . . ."[5]

"Since . . . the purpose of these statutory proceedings supplementary to execution is the same as that of the original creditors' bill in equity, namely, to enable the creditor to reach property which could not otherwise be made to contribute to the payment of the judgment, the statutory proceedings should be given an operation at least as broad as that of the creditors' bill." (*Travis Glass Co.* v. *Ibbetson* (1921) 186 Cal. 724, 727 [200 P. 595].)

"Whether choses in action founded upon torts are subject to creditors' suit must depend upon whether they are, by the law of the state,

---

[5] If the judgment debtor files an action against a third party, the sole and exclusive method by which the judgment creditor may satisfy a judgment by pursuing the cause of action is by filing the liens provided for by Code of Civil Procedure section 688.1. (*Roseburg Loggers, Inc.* v. *U.S. Plywood-Champion Papers, Inc., supra,* 14 Cal.3d 742, 749.)

assignable. If they are not, then they are not subject to such suits, otherwise they are so subject." (Freeman, Executions (3d ed. 1900) § 425 at pp. 2290-2291.) Because causes of action for tort committed to property are assignable (Code Civ. Proc., § 954), they may be reached by proceedings under section 720. (*Travis Glass Co.* v. *Ibbetson, supra,* 186 Cal. 724, 727; *Staples* v. *May* (1890) 87 Cal. 178, 191 [25 P. 346].) ■ On the other hand, section 720 should not be applied so as to render the nonassignable assignable. And nonassignable tort actions (see *Reichert* v. *General Ins. Co., supra,* 68 Cal.2d 822, 834) may not be reached in proceedings pursuant to section 720. The language of the section referring to "debt" and "interest in property," reinforces this conclusion.

We are confronted with a hybrid cause of action, assignable—yes—but comprising potential damage unassignable and unrecoverable in section 720 proceedings.

No case has been cited or found determining whether a hybrid cause of action may be enforced in proceedings under section 720. Even assuming other hybrid causes of action might be subject to section 720 proceedings, the policy reflected by the cases establishing the duty to settle and the direct action statute (Ins. Code, § 11580), compels us to conclude the cause of action before us may not be reached under section 720. As we have seen, in view of the potential conflicts among injured party, insured and insurer, the courts imposed the duty to settle to protect the insured—not the injured party. Permitting the injured party to proceed under section 720 would substantially defeat the very purpose of the cause of action and again, because it may not be split (*Purcell* v. *Colonial Ins. Co., supra,* 20 Cal.App.3d 807, 814), the insured could be deprived of substantial recovery.

Requiring assignment before the claimant may proceed would of course insure notice to the insured that the claimant wished to proceed against the insurer. At that point the insured would have the choice of partially assigning and then joining in the action, or of bargaining for a release from liability in excess of coverage. The release would permit the insured to protect himself from continued exposure to personal liability. Further, because the judgment creditor would then both own and control the cause of action against the insurer, he could attempt to satisfy his judgment thereby. Finally, the insured could protect his right to

nonassignable claims for punitive, emotional and personal injury damage.

The judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Richardson, J., concurred.