21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George L. MICHELL, Plaintiff-Appellee,
v.
James A. KEY, Jr. Defendant-Appellant.
 No. 92-17043.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 15, 1994.
Decided April 5, 1994.
 
 Before: CHOY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant James A. Key, Jr. (Key) appeals the district court's grant of summary judgment to Appellee George Michell (Michell) on a breach of contract claim in connection with Key's services as escrow agent to Citywide Financial Services (Citywide) and Michell's assignor, Shasta Holdings, Inc. (Shasta). In addition, Key appeals the district court's denial of his motions for judgment as a matter of law, a new trial and an amended judgment following the entry of a jury verdict against Key for negligence in his performance of his obligations under an escrow agreement, dated June 12, 1986, between himself and Shasta (the Escrow Agreement).
 
 
 3
 More specifically, Key challenges the district court's order upholding the jury's award to Michell of $8,250 in non-economic damages for emotional distress and $55,000 in economic damages, including $16,879.40 in attorney's fees, $25,000 for escrow funds negligently released by Key and never recovered by Shasta (the Escrow Funds), and $13,120.60 in loan repayment costs. We affirm the district court's grant of summary judgment in favor of Michell and its denial of Key's motions challenging Michell's recovery of $25,000 for Key's negligent release of the Escrow Funds and $16,879.40 in attorney's fees. However, we reverse the district court's denial of Key's motion to set aside the jury awards in the aggregate amount of $21,370.60 for Michell's emotional distress and loan repayment costs.
 
 I.
 
 4
 Key's first contention of error is that a genuine issue of material fact existed as to whether or not he breached the Escrow Agreement. Key maintains that summary judgment was inappropriate because the two conditions for release of the Escrow Funds were ultimately satisfied insofar as Key (i) received "documentary proof" of the Bank's irrevocable commitment in the form of a "commitment letter", dated June 16, 1986 (the Commitment Letter), from a certain International Bank of London (the Bank) prior to his release of the Escrow Funds, and (ii) delivered the Commitment Letter to Shasta. We disagree.
 
 
 5
 We review de novo a trial court's grant of a motion for summary judgment. Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 265 (9th Cir.1991). Viewing the record in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the law. New Hampshire Ins. Co. v. Vieira, 930 F.2d 696, 697 (9th Cir.1991).
 
 
 6
 Key's first contention of error is unpersuasive because he failed in his opposition to Michell's motion for summary judgment to raise a triable issue of fact regarding whether he fulfilled in a timely manner the conditions for release of the Escrow Funds. Michell satisfied his initial burden as the party requesting summary judgment by producing the deposition testimony of Michell and Shasta's president, Van Dunlop, that Shasta did not receive any document even purporting to offer an irrevocable commitment until November, 1986, more than five months after Key's release of the Escrow Funds. Dunlop further testified that Shasta never received a negotiable collateral instrument through Citywide.
 
 
 7
 Viewed in the appropriate light, the record demonstrates that Key then failed to produce evidence raising a triable issue of fact as to whether Shasta received the Commitment Letter or other proof of an irrevocable commitment before Key's release of the Escrow Funds. Once the moving party has satisfied his initial burden, the opposing party must produce specific evidence to show that a genuine dispute exists. Allied Mutual, 952 F.2d at 265.
 
 
 8
 Key did not contend, much less produce evidence suggesting, that he sent Shasta a copy of the Commitment Letter prior to or together with his letter of July 7, 1986, notifying Shasta that he released the Escrow Funds. In fact, before this appeal Key did not claim to have sent Shasta a copy of the Commitment Letter prior to his reply letter, dated November 24, 1986, to Shasta's demand letter of November 21, 1986. Nor did Key assert that his letter of July 7, 1986 constituted "documentary proof", as opposed to mere notification, for purposes of the Escrow Agreement. In his own statement of undisputed facts he only asserts that in July, 1986 he "sent notice to Van F. Dunlop when the $25,000.00 was released by Defendant." (emphasis added).
 
 
 9
 In his deposition Key admitted that he did not confirm that Shasta had received the Commitment Letter, or a copy, before transferring the Escrow Funds to Citywide. In rebuttal to the deposition testimony of Dunlop and Michell, Key produced no affidavit, receipt, record or other evidence that the Bank or Citywide sent Shasta the Commitment Letter itself and the comment that he was "shocked" to learn several months after his release of the Escrow Funds that Dunlop had not seen the Commitment Letter.
 
 
 10
 Delivery to Shasta of a copy of the Commitment Letter in November, 1986 would plainly have been untimely under Section 1 of the Escrow Agreement, given that Key had released the Escrow Funds over five months before. There is therefore no basis for Key's contention that "[t]he evidence which was before the District Court on the motion for summary judgment affirmatively showed that Defendant complied with his escrow instructions." Accordingly, we affirm the district court's grant of summary judgment to Michell on the breach of contract claim and the award of $25,000 in economic damages resulting from Key's negligent performance of his duties under the Escrow Agreement.
 
 II.
 
 11
 Key's second contention of error is that because a corporation cannot sustain damages for emotional distress under California law, the district court erred in refusing to set aside the jury award of non-economic damages to Michell as Shasta's assignee. We agree.
 
 
 12
 We review de novo a district court's denial of a motion for judgment as a matter of law. In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992). The trial court may only grant a judgment as a matter of law where the record, viewed in the light most favorable to the non-moving party, could not reasonably support the verdict. Dean v. Trans World Air Lines, Inc., 924 F.2d 805, 810 (9th Cir.1991).
 
 
 13
 Michell contended at trial that Key's breach of Section 1 of the Escrow Agreement forced him to draw on his retirement savings prematurely in order to repay the $25,000 bank loan from Security Pacific Bank that had enabled him to lend Shasta the never-returned Escrow Funds. Accepting this contention, the jury awarded Michell $8,250 for emotional distress and $13,120.60 in other costs Michell incurred as a result thereof. The district court declined to disturb these awards on the basis that "plaintiff succeeded on a tort theory of negligence, which permits compensation for direct mental or physical injury to a plaintiff."
 
 
 14
 These awards were improper. In his complaint for the conduct underlying his claims for these economic and non-economic damages, Michell specified that he "brings this action as assignee of Van F. Dunlop, Trustee of Shasta." The assignment underlying Michell's suit was limited to Shasta's judgment, monetary claims and causes of action against Key. As the complaint and assignment were framed, theories of direct harm to Michell, falling outside the scope of the assignor's rights, were thus an impermissible basis of recovery. See Six Wheel Corp. v. Sterling Motor Truck Co., 50 F.2d 568, 570 (9th Cir.1931) (noting that "[o]bviously [the assignor] cannot assign more than he has").
 
 
 15
 Michell also failed to demonstrate that a corporation may experience and sue for infliction of emotional distress under California law. Since under California law "a person cannot assign any interest ... greater than his own," Uhlhorn v. Goodman, 23 P. 1114, 1116 (1890), Shasta could not assign Michell a cause of action it could not itself pursue as a corporate entity. Besides, a claim for emotional distress is not assignable under California law, irrespective of the nature of the assignor. Murphy v. Allstate Insurance Co., 17 Cal.3d 937, 942 (1976). In addition, recovery for negligent infliction of emotional distress resulting from property damage is impermissible under California law absent a preexisting relationship between the tortfeasor and the plaintiff. Cooper v. Superior Ct., 153 Cal.App.3d 1008, 1013 (1984). We therefore reverse the district court's finding that non-economic damages were recoverable against Key and vacate the jury's award to Michell of $8,250 for emotional distress and $13,120.60 in economic costs associated with Michell's repayment of the Security Pacific loan.
 
 III.
 
 16
 Key's fourth assignment of error is that the district court erroneously permitted Michell to submit a bill for $16,879.40 from his daughter's law firm as evidence of attorney's fees incurred in the litigation against Key. In a diversity case federal law governs the admission of business documents into evidence. Clayton Center Ass. v. Schindler Haughton Elevator Corp., 770 F.2d 749, 752 n. 1 (8th Cir.1985) (finding that Federal Rule of Evidence 803(6) applies in lieu of its Missouri counterpart in diversity action). Key contends that Michell did not adequately lay the foundation for the bill from his daughter's firm to bring the bill within the business documents exception to the hearsay rule under Rule 803(6).
 
 
 17
 As a preliminary matter, however, the bill did not constitute hearsay because Michell submitted the document only to show that he was billed the amount stated rather than to prove the truth of the matter asserted. See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 173 n. 18 (1988) (hearsay objection is unavailing where out-of-court statement is not offered to prove the truth of the matter asserted). Consequently, the evidentiary admissibility of the bill did not depend on the applicability of the business records exception under Rule 803(6). Key having objected to Michell's recovery of legal expenses solely on the basis of an inadequate foundation under Rule 803(6), we affirm the district court's order denying Key's motion to set aside the jury's award of $16,879.40 in attorney's fees.
 
 
 18
 AFFIRMED IN PART AND REVERSED IN PART. The parties shall bear their own costs in this appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3