**CONRAD JARVIS, Plaintiff**
**v.**
**JOYCE L. HORSFORD, Defendant**
**JOYCE L. HORSFORD, Petitioner**
**v.**
**V.I. INSURANCE GUARANTY ASSOCIATION, Third-Party**
**Respondent**

Civil No. 168-1997

Territorial Court of the Virgin Islands

Division of St. Croix

May 24, 2001

GEORGE W. CANNON, JR., ESQ., *for Plaintiff*

WILFREDO A. GEIGEL, ESQ., *for Defendant*

HENRY L. FEUERZEIG, ESQ., *for Third-party Defendant*

ROSS, Judge

## MEMORANDUM OPINION

(May 24, 2001)

Before the Court is a Motion to Dismiss the Third Party Complaint of Defendant Joyce L Horsford against Third Party Defendant V.I. Insurance Guaranty Association pursuant to Fed. R. Civ. Proc. 12(b)(6). Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this court by Terr. Ct. R. 7, requires dismissal of a complaint that fails to state a claim on which relief can be granted.

### FACTS

On March 28, 1995, Defendant Joyce L. Horsford was involved in an automobile accident. At the time of the accident Island National Insurance Company was Defendant's insurer. Island National Insurance Company became insolvent in 1997 prior to paying any claims on behalf of Defendant. As a result, the V.I. Guaranty Association assumed the obligations of Island National Insurance Company to pay any claims. On March 5, 1998, the V.I. Guaranty Association settled with plaintiff Conrad Jarvis up to defendant Joyce L. Horsford's policy limit ($10,000) and was released from liability. However, Defendant Joyce L. Horsford remained liable for claims in excess of the policy limit. Plaintiff Conrad Jarvis later filed suit against Defendant Joyce L. Horsford for any excess liability not covered by the V.I. Guaranty Association. Defendant then filed a Third Party Complaint against V.I. Insurance Guaranty Association alleging that Guaranty Association acted in bad faith and in reckless disregard of its legal obligations when it settled Jarvis' claims against Island National and the Guaranty Association.

The V.I. Insurance Guaranty Association contends pursuant to V.I. code ann. tit. 22 § 245, no action for bad faith may be maintained against the Virgin Islands Insurance Guaranty Association because of the statutory immunity conferred by the Virgin Islands Insurance Guaranty Association Act. In rebuttal, Defendant Joyce L. Horsford argues that immunity under the V.I. Code Ann. tit. 22 § 245 is not applicable in the present case since the Virgin Islands Insurance Guaranty Association's actions are not within the scope of "authorized actions" and were done in bad faith.

## DISCUSSIONS

■ For the reasons provided below the court grants the Motion to dismiss the Defendant's Third-Party Complaint.

The V.I. Code ann. tit. 22 § 245 provides:

> There shall be no liability on the part of and no cause of action of any nature shall arise against any member insurer, the Association or its agents or employees, the Board of Directors, or the Commissioner or his representatives for any authorized action taken by them in performance of their powers and duties pursuant to this chapter.

The language of the statute is clear and unambiguous. The legislative intent was not to exclude from immunity specific actions of the V.I. Guaranty Association that are within its powers and duties. The legislature intended that the statute be used as an absolute immunity for any authorized action taken by the Guaranty Association in the performance of their powers and duties. V.I. Code Ann. tit. 22 § 237 lists authorized actions within the powers and duties of the Association. Section 237(a)4 provides the Association shall investigate, compromise, settle and pay covered claims to the extent of the Association's obligation and deny all other claims.

Both parties have cited *Fernandez v. Florida Insurance Guaranty Association,* 383 So. 2d 974 (Fla. Cir. Ct. 1980) which is analogous to the present case at bar. In that case, Plaintiff Fernandez was injured in a car accident. Defendant Ruiz was insured by Manchester Insurance and Indemnity Company for the policy limit of $ 10,000.00. The insurance company became insolvent prior to the settlement of the claim. Florida Insurance Guaranty Association (FIGA) was substituted for the Manchester Insurance and Indemnity Co.. FIGA rejected an offer to settle for the $ 10,000.00 policy limit. Plaintiff recovered a $ 54,000 jury verdict against Defendant Ruiz which was limited to a $ 10,000.00 judgment against FIGA and $ 44,000 against Ruiz. Plaintiff Fernandez brought suit against FIGA alleging that FIGA had itself been guilty of bad faith by its refusal to settle the claim within the policy limit and sought to recover from FIGA the $ 44,000 excess liability. The Court held that "as a matter of law, no [bad faith] action may be maintained against FIGA." *Id* at 975.

The court likewise held in *Isaacson v. California Insurance Guaranty Association,* 44 Cal. 3d 775, 750 P.2d 297, 244 Cal. Rptr. 655 (Cal.

169

1988), that "CIGA is immune from liability as to each of plaintiff's' tort claims," including one of the claim which was for bad faith. Additionally, the court held an implied covenant of good faith and fair dealing arises only from contractual relationship, not a statutory relationship. 750 P.2d At 306; *Murphy v. Allstate Ins. Co.* 17 Cal. 3d 937, 553 P.2d 584, 132 Cal. Rptr. 424 (1976).

None of these cases are binding on this court; however, the court may consider prior cases of other jurisdictions which has considered the issue. Further the V.I. Insurance Guaranty Association Act is identical to the Florida Insurance Guaranty Association statute. Like the case at bar the cases cited involves claims of bad faith. Therein the court held that an action for bad faith may not be brought against the insurance guaranty association

The Defendant has cited no case law which prohibits the V.I. Insurance Guaranty Association from settling a claim up to the policy limit; therefore, exposing the Defendant to any excess claim above the policy limits. The V.I. Code Ann. tit. 22 § 237 states "in no event shall the association be obligated to a policyholder or claimant in excess of the face amount of the policy from which the claim arises."

Defendant argues also that V.I. Guaranty Association should have continued representation; however, the Defendant failed to recognize that the Guaranty Association obligation to defend claims does not extend beyond Island National Insurance Company liability. Even if the Court finds the V.I. Guaranty Association acted in bad faith the plain meaning of the statute prohibits Joyce L. Horsford from bringing action against V.I. Guaranty Association as a Third-party Defendant since their actions are authorized and within their powers and duties.

Moreover, the legislature did not intend the V.I. Guaranty Association to be a substitute for the Island National Insurance Company in excess of the policy limit; nor did the legislature explicitly or implicitly create contractual rights between Jarvis and V.I. Guaranty Association not originating from the original insurance policy between the insured and insurer.

## CONCLUSION

We therefore hold as a matter of law that the Virgin Islands Guaranty Association has absolute immunity for any authorized action and no "bad faith" claim may be maintained against Virgin Islands Guaranty Association for any action authorized by the V.I. Code Ann. tit. 22 § 237.