**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES KELLY,

　　　　　Plaintiff - Appellant,

　v.

CSE SAFEGUARD INSURANCE
COMPANY,

　　　　　Defendant - Appellee.

No. 11-17440

DC No. 2:08 cv-0088 KJD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted June 11, 2013[**]
San Francisco, California

Before:　TASHIMA and BYBEE, Circuit Judges, and STAFFORD, Senior
　　　　　District Judge.[***]

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

Plaintiff James Kelly appeals from the district court's grant of summary judgment in favor of Defendant CSE Safeguard Insurance Company ("CSE"). Kelly asserts claims under Nevada law based on CSE's alleged breach of the implied covenant of good faith and fair dealing to Andres Flores, its insured, and Jose Cruz, the individual who was driving Flores' vehicle at the time of the accident with Kelly. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, and we affirm.

**1.** Kelly contends that CSE violated the covenant of good faith and fair dealing by failing to settle for the policy limits when it had a reasonable opportunity to do so. Even assuming that this principle of California law applies in Nevada, *see Murphy v. Allstate Ins. Co.*, 553 P.2d 584, 586 (Cal. 1976), CSE was entitled to summary judgment on this claim. Kelly contends that his counsel, the Christensen Law Offices ("CLO"), sent a letter to CSE on March 28, 2001 offering to settle for the policy limits. However, there is no evidence that CSE received this letter prior to November 2005.

CLO sent the March 28, 2001 demand letter to an entity named "Safeguard Insurance" at an address in Charlotte, North Carolina, which was unrelated to CSE. CSE's receipt of a different letter sent to the same incorrect address in North Carolina is explained by the fact that the letter was also sent to Flores, who

-2-

provided it to his insurance agent, who then forwarded it to CSE. There is also no support for Kelly's claim that the March 28, 2001 letter was faxed to CSE's attorney in June 2001, as the implicated copy of the letter bears a fax time stamp of November 14, 2005. Indeed, CSE's attorney attests that he did not receive the letter in June 2001, and that he first viewed the letter when CLO produced it in anticipation of a settlement conference in November 2005.

Finally, it is irrelevant that CLO provided CSE evidence in July 2002 that Kelly's claim would exceed the policy limits. CSE's attorney explains in a detailed account that he made an open-ended offer to settle for the policy limits on April 4, 2002. Thus, CSE had already offered to settle for the policy limits by the time it learned of the extent of Kelly's injuries.

**2.** Kelly alternatively contends that CSE acted in bad faith by failing to communicate his settlement offer to Flores and Cruz. Under Nevada law, "the covenant of good faith and fair dealing includes a duty to adequately inform the insured of settlement offers." *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 322 (Nev. 2009). Here, however, there was no settlement offer for CSE to communicate, given that it never received the March 28, 2001 demand letter. Kelly attempts to overcome this fact by pointing to a May 30, 2001 phone conversation between a CLO attorney and a CSE representative, in which the attorney told the

-3-

representative of the demand letter. But the day after the phone conversation, the representative sent the attorney a letter informing him that CSE had no record of having received the demand letter and asking him to send another copy. CLO never responded to this request. No reasonable jury could conclude that CSE acted in bad faith by failing to communicate a settlement offer that it did not have in writing and that opposing counsel refused to confirm when requested to do so. *See United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989) (holding that a jury question as to an insurer's bad faith arises "when facts permit differing inferences as to the reasonableness of [the] insurer's conduct"). Accordingly, the district court correctly granted summary judgment on this claim.[1]

The judgment of the district court is **AFFIRMED.**

---

[1] Because we affirm the district court's dismissal on the merits, we need not address the alternative grounds on which the district court dismissed Kelly's claims.