**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ANGEL VELAZQUEZ, <br><br> Defendant-Appellee. | No. 19-55024 <br><br> D.C. No. 2:18-cv-02042-SJO-GJS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted April 17, 2020[**]
Pasadena, California

Before: SCHROEDER and COLLINS, Circuit Judges, and BAYLSON,[***] District
Judge.

Appellant American Bankers Insurance Company of Florida ("ABIC")

appeals the district court's dismissal of its Second Amended Complaint as unripe.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Laub v. U.S.*

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Michael M. Baylson, United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

*Dep't of Interior*, 342 F.3d 1080, 1084 (9th Cir. 2003), we affirm.

1. ABIC seeks a declaration that it did not act in bad faith when it rejected the settlement demand of Angel Velazquez, who claims that he was injured while working at a residence whose owner (Rosa Friedik-Ruesch) was insured by ABIC. Velazquez had demanded that ABIC settle for the full limits of the policy, and after ABIC responded with a lower settlement offer, Velazquez took that position that ABIC's refusal of his settlement demand was made in bad faith and would render ABIC liable to Friedik-Ruesch for any excess judgment over the policy limits. Velazquez contended that, as a result, the policy limits were "open," and he increased his settlement demand to ten times the policy limits. ABIC thereupon filed this action seeking a declaration that it had not acted in bad faith in rejecting Velazquez's initial settlement demand. After first allowing an opportunity to amend, the district court ultimately dismissed the case as unripe.

2. A declaratory judgment action presents a case or controversy that is appropriate for judicial resolution if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). We agree with the district court that this matter lacks the requisite "sufficient immediacy and reality," *id.*, because the parties' dispute

2

ultimately "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all," *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations and internal quotation marks omitted).

ABIC emphasizes that the parties have a live and genuine disagreement over whether ABIC's rejection of Velazquez's policy-limits settlement demand was done in bad faith, and ABIC argues that it would be helpful to the parties' settlement efforts to know the answer to that question. But even assuming *arguendo* that ABIC's offer was made in bad faith, that would have no real-world effect on Friedik-Ruesch's rights (much less those of Velazquez) unless and until Velazquez's suit against Friedik-Ruesch resulted in a judgment against her that exceeded the policy limits. *See Howard v. American Nat'l Fire Ins. Co.*, 115 Cal. Rptr. 3d 42, 67 (Cal. Ct. App. 2010) ("In most cases, an excess judgment (a judgment against the insured in an amount exceeding policy limits) is needed to establish liability and damages for wrongful refusal to settle.").[1] And even if such an excess judgment occurred, it would give Velazquez no rights vis-à-vis ABIC unless and until Friedik-Ruesch were to assign her bad-faith claim against ABIC to Velazquez. *See Murphy v. Allstate Ins. Co.*, 553 P.2d 584, 586–87 (Cal. 1976).

---

[1] The parties do not contend that this is a case in which "the insurer's misconduct [went] beyond a simple failure to settle within policy limits or the insured suffer[ed] consequential damages apart from an excess judgment." *Howard*, 115 Cal. Rptr. 3d at 68.

Thus, although the parties genuinely disagree over the discrete question of whether ABIC's rejection of the settlement demand was in bad faith, that abstract dispute would potentially have concrete legal significance to the parties' rights only if a series of contingent future events were all to occur. Given the key role of such speculative contingencies here, we conclude that, viewed in light of "all the circumstances," the parties' dispute over whether ABIC acted in good faith lacks "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas.*, 312 U.S. at 273; *see also Texas v. United States*, 523 U.S. at 300.

**AFFIRMED.**[2]

---

[2] ABIC's motion for judicial notice of the complaint filed in Velazquez's state court action against Friedik-Ruesch (Dkt. 16) is GRANTED. ABIC's motion for judicial notice of documents from a separate declaratory judgment action filed by ABIC (Dkt. 31) is DENIED.