Filed 2/17/26  Doe v. Cal. Capital Insurance Co. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JANE DOE 1 et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CALIFORNIA CAPITAL INSURANCE COMPANY, <br><br> Defendant and Respondent. | 2d Crim. No. B343169 <br> (Super. Ct. No. 23STCV28248) <br> (Los Angeles County) |

Jane Doe 1, Jane Doe 2, and Jane Doe 3 (Jane Does) appeal after the trial court sustained California Capital Insurance Company's (CCIC) demurrer without leave to amend.  Jane Does had asserted causes of action based on default judgments obtained in their favor against Gonzalo Cuevas, whom Jane Does alleged CCIC insured.  Jane Does contend that "[i]n granting defendants' [*sic*] demurrer, and dismissing plaintiffs' complaint, the court erroneously failed to abide by controlling legal precedent."  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2020, Jane Does filed a complaint against Cuevas and his employer, Gardner Management. Jane Does alleged Cuevas sexually abused them. The complaint included causes of action for negligence, premises liability, and sexual battery. In October 2022, the court entered default judgments against Cuevas based on negligence causes of action. The court awarded $1,000,000 to Jane Doe 1 and $500,000 each to Jane Does 2 and 3.

In November 2023, Jane Does filed a complaint against CCIC. Each Jane Doe alleged three causes of action: (1) a direct action against insurer (CCIC) by insured's judgment creditor (Jane Doe 1, 2, and 3) to recover the amount of final judgment against the insured (Cuevas) under Insurance Code section 11580;[1] (2) tortious breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief.

As to the section 11580 causes of action, Jane Does alleged that by failing both to intervene in the default judgment proceedings and to move to set aside the default judgments, CCIC is bound by those judgments. Regarding the tortious breach causes of action, Jane Does alleged CCIC's "failure to pay the [judgments] was unreasonable and in bad faith." Finally, the declaratory relief causes of action were based on CCIC's not having paid the judgments and denial of their obligation to do so.

The trial court sustained CCIC's demurrer without leave to amend and dismissed the case.

---

[1] Undesignated statutory references are to the Insurance Code.

## DISCUSSION

### *Standard of Review*

"In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) "'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

### *Insurance Code Section 11580*

Jane Does bring causes of action under section 11580, which "requires that liability insurance policies, with exceptions not relevant here, contain a provision stating that 'whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment.' [Citation.] If that provision does not appear in a policy, it is implied by law." (*Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone* (2003) 107 Cal.App.4th 54, 67.)

In effect, section 11580 "makes the judgment creditor a third party beneficiary of the insurance contract between the insurer and the insured." (*Murphy v. Allstate Ins. Co.* (1976) 17 Cal.3d 937, 943; § 11580, subd. (b)(2).) Such a judgment creditor "may proceed directly against any liability insurance covering the defendant, and obtain satisfaction of the judgment up to the amount of the policy limits." (*Reliance Ins. Co. v. Superior Court*

3

(2000) 84 Cal.App.4th 383, 386.) "Among the elements that must be proven is that "'the policy covers the relief awarded in the judgment.'"" (*Howard v. American National Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 513 (*Howard*).)

Jane Does' section 11580 causes of action assert CCIC is bound by the default judgments against Cuevas. "It is well-settled an insurer who is on notice of an action against its insured and refuses to defend on the ground the alleged claim is not within the policy coverage is bound by a judgment in the action, absent fraud or collusion, 'as to all material findings of fact *essential to the judgment of liability [and damages] of the insured*.' [Citations.] The insurer is not bound, however, as to issues 'not necessarily adjudicated in the prior action and can still present any defenses not inconsistent with the judgment against the insured.'" (*Schaefer/Karpf Productions v. CNA Ins. Companies* (1998) 64 Cal.App.4th 1306, 1313 (*Schaefer*).)

As *Schaefer* noted, the court does not typically adjudicate the issue of insurance coverage in an action between an injured party and a defendant who allegedly caused the injury. "The only questions litigated are the defendant's liability and the amount of damages." (*Schaefer*, *supra*, 64 Cal.App.4th at p. 1313.) This case follows the typical pattern. The default judgments against Cuevas would be binding as to his liability and the amount of damages, but not as to the issue of CCIC's coverage, which was not relevant nor adjudicated. (Cf. *Howard*, *supra*, 187 Cal.App.4th at p. 514 ["Insurance coverage and personal injury liability present distinct issues."].) Standing alone, the judgments against Cuevas did not entitle Jane Does to recover from CCIC under section 11580 because those judgments were not dispositive of the coverage element.

4

To the extent Jane Does contend their complaint nonetheless states a claim as to the section 11580 causes of action, we disagree. "An insurance policy is a contract." (*Block v. Golden Eagle Ins. Corp.* (2004) 121 Cal.App.4th 186, 192.) "'A written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect. [Citation.] In order to plead a contract by its legal effect, plaintiff must "allege the substance of its relevant terms. This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." [Citation.]'" (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 993.)

Jane Does did not attach the insurance policy and, in fact, opposed CCIC's request for judicial notice of the policy. Nor did Jane Does properly allege the substance of the relevant coverage terms. Instead, they relied on conclusory allegations, such as the sweeping statement that "Cuevas' liability under the judgment is covered by a liability insurance policy issued by" CCIC. Jane Does' complaint failed to state a cause of action under section 11580.

*Implied Covenant of Good Faith and Fair Dealing*

Jane Does assert tortious breach of the implied covenant of good faith and fair dealing based on CCIC's alleged bad faith failure to pay the judgments. Generally, "an alleged breach of the covenant does not give rise to a cause of action by *third party claimants . . . .*" (*Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 795; see also *Murphy v. Allstate Ins. Co.*, *supra*, 17 Cal.3d at p. 943.) Jane Does rely upon an exception articulated in *Hand v. Farmers Ins. Exchange* (1994) 23 Cal.App.4th 1847 (*Hand*).

There, the court held that, "in the limited circumstances presented by this case," a section 11580 judgment creditor "presently entitled to recover her judgment from the insurer 'on the policy'" could state a cause of action for breach of the implied covenant of good faith and fair dealing based on "the insurer's bad faith refusal to pay the judgment." (*Id*. at 1851.)

At least one court has called *Hand*'s analysis into question. (*Hughes v. Mid-Century Ins. Co.* (1995) 38 Cal.App.4th 1176, 1184 ["[T]he analysis in *Hand* might be viewed as improperly extending the law of tortious bad faith . . . ."].) In any event, Jane Does have failed to state a cause of action under *Hand*. As we have explained, the default judgments against Cuevas did not "presently entitle[]" Jane Does to recovery from CCIC. (*Hand*, *supra*, 23 Cal.App.4th at p. 1851.) Thus, no valid basis for a bad faith claim is alleged. In *Hand*, the insurance company had allegedly informed plaintiff's counsel that the injuring party was covered under the policy. (*Ibid*.) No comparable allegation exists here. *Hand*'s "limited circumstances" are not present. (*Ibid*.)

## Declaratory Relief

"A trial court may . . . dismiss a declaratory relief claim at the demurrer stage where it is ""wholly derivative"" of other failed claims." (*Siskiyou Hospital, Inc. v. County of Siskiyou* (2025) 109 Cal.App.5th 14, 53.) Given the wholly derivative nature of the declaratory relief claims, the trial court did not err in sustaining the demurrer as to those claims.

## Leave to Amend

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no

6

abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.)  "To satisfy that burden on appeal, [plaintiffs] 'must show in what manner [they] can amend [their] complaint and how that amendment will change the legal effect of [their] pleading.'"  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

In their appellate briefing, Jane Does do not explain how the complaint could be amended to change the legal effect of their pleading.  Jane Does have failed to carry their burden.

DISPOSITION

The judgment is affirmed.  CCIC shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

7

Rupert A. Byrdsong, Judge
Superior Court County of Los Angeles

_____

Andrade Law Offices, Steven R. Andrade for Plaintiffs and Appellants.

Barrett & Matura, Kevin C. Barrett for Defendant and Respondent.