[No. G044171. Fourth Dist., Div. Three. Sept. 30, 2011.]

KENNETH CLARK, Plaintiff and Appellant, v.
CALIFORNIA INSURANCE GUARANTEE ASSOCIATION, Defendant
and Respondent.

COUNSEL

Holstein, Taylor and Unitt and Brian C. Unitt for Plaintiff and Appellant.

Black, Compean, Hall & Eli, Frederick G. Hall and Adam A. Wright for Defendant and Respondent.

OPINION

O'LEARY, J.—Kenneth Clark appeals from a judgment in favor of the California Insurance Guarantee Association (CIGA). Clark had obtained a judgment in a personal injury action against the insured of a now insolvent insurance company. CIGA paid the underlying damage award but not the costs or interest on the judgment. Clark filed this direct action against CIGA pursuant to Insurance Code section 11580[1] to recover his costs and interest. The trial court granted CIGA's motion for summary judgment applying the reasoning of *San Diego Housing Com. v. Industrial Indemnity Co.* (2002) 95 Cal.App.4th 669 [116 Cal.Rptr.2d 103] (*San Diego Housing*), which concluded costs and interest that are payable under the policy's supplemental payments provision are not recoverable by a third party judgment creditor in a direct action against the insurer. Clark contends *San Diego Housing* is inapplicable to the case at hand. We find no merit to his contentions and affirm the judgment.

---

[1] All further statutory references are to the Insurance Code, unless otherwise indicated.

## FACTS AND PROCEDURE

*Underlying Action & Judgment*

In June 1999, Clark was injured while working at a construction site. In addition to pursuing a workers' compensation claim against his own employer, Clark filed a personal injury action against D.J. Scheffler, Inc. (Scheffler), among others, whose employee's negligence contributed to the accident (the underlying action).

Scheffler maintained commercial general liability (CGL) coverage through Reliance Insurance Company (Reliance), and Reliance provided Scheffler with a defense in the underlying action. The CGL policy contained the following two provisions that are relevant here. Under the coverage section: "Insuring Agreement. We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies. . . ." (Boldface omitted.) And under the supplementary payments provision: "We will pay, with respect to any claim or suit we defend: [¶] . . . [¶] 5. all costs taxed against the insured in the suit. [¶] 6. prejudgment interest awarded against the insured on the part of the judgment we pay. . . . [¶] 7. all interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the party of the judgment that is within the applicable limit of insurance. [¶] These payments will not reduce the limits of insurance."

Clark's claims against Scheffler were tried to a jury. On September 6, 2001, the jury returned a special verdict finding Clark suffered economic damages of $388,697.94, noneconomic damages of $285,000, and allocating fault among various parties including Scheffler's employee who was found 36 percent at fault. On October 3, 2001, after the special verdict was rendered but before judgment was entered, Reliance was declared insolvent and CIGA assumed handling its claims including Scheffler's defense in the underlying action.

On January 10, 2002, judgment was entered in the underlying action awarding Clark a net recovery of $383,798.05, plus costs and prejudgment interest from May 4, 2001. The total costs awarded to Clark was $40,790, comprised of ordinary costs and Code of Civil Procedure section 998 costs. The prejudgment interest totaled $29,178.75. Scheffler was successful in obtaining a modification of the judgment, and the damage award was reduced by approximately $42,000, on the grounds the trial court miscalculated the workers' compensation offset. Clark successfully appealed the modified judgment, and in an opinion filed in April 2003, this court held the modification was improper and ordered the January 10, 2002, judgment reinstated. On

September 24, 2003, CIGA issued Clark a check for $392,501 in partial satisfaction of the judgment. The check represented the full damage award of $383,798.05, plus $8,703 in costs.

*Current Action; Summary Judgment Motions*

Over three years later, on January 23, 2007, Clark filed the instant action pursuant to section 11580, to recover the remaining costs and interest from CIGA up to the statutory maximum of $500,000 (see § 1063.1, subd. (c)(7)). Clark asserted he was still owed $145,004.18 on the judgment comprised of the remaining statutory costs ($4,472.05), prejudgment interest ($29,178.75), Code of Civil Procedure section 998 costs ($27,615), and postjudgment interest from January 10, 2002, to September 24, 2003, on the damage award ($73,237.50), plus additional postjudgment interest.

The parties stipulated to have the legal issue of whether Clark (a third party judgment creditor) could maintain a direct action against CIGA for the unpaid costs and interest resolved on cross-motions for summary judgment based on the above undisputed facts. The trial court agreed with CIGA that pursuant to *San Diego Housing, supra*, 95 Cal.App.4th 669, as a third party judgment creditor, Clark could not recover his costs and interest in a direct action against CIGA. CIGA's motion for summary judgment was granted, Clark's was denied, and judgment was entered in CIGA's favor.

## DISCUSSION

1. *Standard of Review*

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. [Citation.] We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports. [Citation.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [110 Cal.Rptr.2d 370, 28 P.3d 116].)

2. *Statutory Obligations of CIGA*

The Legislature established CIGA "to provide insurance against loss arising from the failure of an insolvent insurer to discharge its obligations under its policies." (2 Witkin, Summary of Cal. Law (10th ed. 2005) Insurance, § 12, p. 35.) CIGA "serves to enhance public confidence in the insurance industry." (*Collins-Pine Co. v. Tubbs Cordage Co.* (1990) 221 Cal.App.3d 882, 885 [271 Cal.Rptr. 20].) Through assessments against its

members, CIGA establishes a fund to assist with covering claims against insolvent insurers. (2 Witkin, *supra*, Insurance, § 12, p. 35.)

" 'While CIGA's general purpose is to pay the obligations of an insolvent insurer, it is not itself an insurer and "does not 'stand in the shoes' of the insolvent insurer for all purposes." ' [Citation.] 'CIGA is not, and was not created to act as, an ordinary insurance company. [Citation.] It is a statutory entity that depends on the [statutory scheme] for its existence and for a definition of the scope of its powers, duties, and protections.' [Citation.] 'CIGA issues no policies, collects no premiums, makes no profits, and assumes no contractual obligations to the insureds.' [Citation.] ' "CIGA's duties are not co-extensive with the duties owed by the insolvent insurer under its policy." [Citation.] Instead, CIGA's authority and liability in discharging "its statutorily circumscribed duties" are limited to paying the amount of "covered claims." ' [Citation.]" (*Stonelight Tile, Inc. v. California Ins. Guarantee Assn.* (2007) 150 Cal.App.4th 19, 32 [58 Cal.Rptr.3d 74].)

Covered claims are defined generally in section 1063.1, subdivision (c)(1)(A), as "the obligations of an insolvent insurer . . . [¶] [i]mposed by law and within the coverage of an insurance policy of the insolvent insurer."

3. *Direct Action Against Insurer*

Under section 11580, an injured party such as Clark (a third party claimant) may recover a judgment obtained against a tortfeasor in a direct action against the tortfeasor's insurer. That section provides all policies issued in the state must contain "[a] provision that whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment." (§ 11580, subd. (b)(2).) If the provision is absent from the policy, the policy will be construed as containing the provision. (§ 11580, 1st par.)

Clark contends the costs and interest attached to the judgment in the underlying action are obligations imposed by law and within coverage of the policy's supplemental payments provision and thus may be recovered in a direct action against CIGA. We agree with the trial court. This issue was answered in *San Diego Housing, supra*, 95 Cal.App.4th 669, which in short, concluded the supplemental payments provision in the policy gives the right to recover costs taxed against the insured "only to the insured who was directly owed the defense duty." (*Id.* at p. 693.) A third party judgment creditor is merely an incidental beneficiary of obligations, like the supplemental payments provision, that arise under the duty to defend. Unless the

third party obtains an assignment by the insured of its rights under the insurance contract, the third party has no right to bring a claim upon a duty owed only to the insured. (*Id.* at pp. 692–693.)

In *San Diego Housing, supra,* 95 Cal.App.4th 669, the plaintiffs, a housing commission and housing authority, sued the insured, a general contractor hired to build a low-income housing project. (*Id.* at p. 673.) The insurer refused to defend and the plaintiffs obtained a default judgment against the insured which included attorney fees and costs. (*Id.* at p. 675.) The plaintiffs then filed suit against the insurer under section 11580 to enforce the default judgment. The trial court found in favor of the plaintiffs, awarding the full amount of the underlying default judgment, plus costs of suit taxed against the insured and interest on the underlying default judgment under the policy's supplemental payments provision. The Court of Appeal held the award of costs and interest on the underlying judgment was improper, concluding they could not be recovered by a third party claimant in a direct action against an insurance company under section 11580.

■ *San Diego Housing, supra,* 95 Cal.App.4th 669, based its decision on the " 'general rule' " that " 'a third party claimant may not bring a direct action against an insurance company on the contract because the insurer's duties flow to the insured.' " (*Id.* at p. 685.) *San Diego Housing* explained that as set forth by our Supreme Court in *Murphy v. Allstate Ins. Co.* (1976) 17 Cal.3d 937 [132 Cal.Rptr. 424, 553 P.2d 584] (*Murphy*), section 11580 makes the judgment creditor a third party beneficiary of the insurance contract between the insurer and the insured. (*San Diego Housing, supra,* 95 Cal.App.4th at pp. 683, 691–692.) But as a third party beneficiary, the judgment creditor can only enforce those promises made directly for his benefit. (*San Diego Housing, supra,* 95 Cal.App.4th at pp. 691–692; see *Murphy, supra,* 17 Cal.3d at pp. 942–943.) In *Murphy, supra,* 17 Cal.3d at pages 943–944, the Supreme Court concluded a judgment creditor could not enforce the implied covenant of good faith and fair dealing (i.e., duty to settle) because that obligation was intended to benefit the insured, not the injured claimant.

■ *San Diego Housing* explained that in the liability insurance context there are two forms of loss exposure. The first is the exposure to legal liability for damages imposed on the insured/defendant (i.e., damages covered by the insuring agreement of the policy); the second is " 'exposure based on the necessity of mounting a defense against a claim or lawsuit which seeks the imposition of liability.' The latter type of loss is addressed by the duty to defend expressed 'in the coverage clause and the "supplementary payments" provision.' [Citation.]" (*San Diego Housing, supra,* 95 Cal.App.4th at p. 684.) Costs and interest are "clearly linked" to the insurer's obligation to defend.

(*Id.* at p. 691.) The obligation to defend "is a covenant in the policy that runs only to the insured." (*Ibid.*) Thus the supplemental payments provision in the policy gives the right to recover costs taxed against the insured "only to the insured who was directly owed the defense duty." (*Id.* at p. 693; see *Prichard v. Liberty Mutual Ins. Co.* (2000) 84 Cal.App.4th 890, 911–912 [101 Cal.Rptr.2d 298] [supplementary payments provision for payment of costs is a function of insurer's defense obligation not its indemnity obligation].) A third party judgment creditor is merely an incidental beneficiary for obligations, like the supplemental payments provision, that arise under the duty to defend. Unless the third party obtains an assignment by the insured of its rights under the insurance contract, the third party has no right to bring a claim upon a duty owed only to the insured. (*San Diego Housing, supra,* 95 Cal.App.4th at pp. 692–693; see Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2011) ¶ 15:1043, pp. 15-180 to 15-181 (rev. # 1, 2004) [citing *San Diego Housing* for the proposition that "costs of suit taxed against the insured and prejudgment interest are not recoverable under § 11580[, subd.] (b)(2)"]; 1 Cornblum, Cal. Insurance Law Dictionary & Desk Reference (2011) Assignment of Rights, § A103:05 [same]; 2 Witkin, *supra,* Insurance, § 301, p. 475 [same].)[2]

Clark contends *San Diego Housing* is inapposite because it involved an insurer who refused to defend the insured, i.e., the insurance company breached its duty to defend. Here, Reliance (and subsequently CIGA), defended Scheffler. The distinction is without meaning.

In *San Diego Housing, supra,* 95 Cal.App.4th 669, there was an argument concerning whether the supplemental payments provisions could be invoked at all. The insurer argued because the supplemental payments provision obligated it to pay " 'costs taxed against the insured in any suit defended by [it],' " the provision was inapplicable where the insurer did not actually conduct a defense. (*Id.* at pp. 679–680, italics omitted.) In other words, the insurer argued actually providing a defense was a condition precedent to its duty to pay costs and interest on any judgment rendered against the insured. The trial court had rejected the insurer's contention it could " 'benefit by its breach of duty to defend' " (*id.* at p. 682), which was tantamount to arguing it could escape from its obligation to pay for the insured's defense under the supplemental payments provision simply by denying its defense obligation.

[2] We note that although the third party could take an assignment of rights from the insured and pursue the insurance company (*Smith v. State Farm Mut. Auto. Ins. Co.* (1992) 5 Cal.App.4th 1104, 1110–1111 [7 Cal.Rptr.2d 131]), the statutes governing CIGA exclude assigned claims from covered claims, and thus when pursuing recovery from CIGA, the option of obtaining assignment from the insured is not available in this case. (§ 1063.1, subd. (c)(9)(B); see, e.g., *Baxter Healthcare Corp. v. California Ins. Guarantee Assn.* (2000) 85 Cal.App.4th 306, 314–315 [102 Cal.Rptr.2d 87].)

■ The appellate court in *San Diego Housing, supra,* 95 Cal.App.4th 669, specifically declared its ruling in favor of the insurer (i.e., that the judgment creditor could not enforce an award of costs and interest in a § 11580 direct action against the insurer) was in no way dependent upon whether the insurer had actually defended its insured: "[W]e wish to clarify that although the underlying judgment in this case was taken by default against the insured . . . the analysis we make under section 11580, subdivision (b)(2) does not depend on the default status of the underlying proceedings." (95 Cal.App.4th at p. 680.) The court further stated, "[W]e do not read the [supplemental payments provision] as containing a condition precedent that the underlying action must have been defended or required to have been defended by the insurer, in order for the [supplemental payments provision] to apply, or that such a condition precedent can be excused. Even if it does, the judgment creditor remains only an incidental beneficiary of the insurance contract in this respect. Instead, we read the [supplemental payments provision] as giving the right to recover costs taxed against the insured in any suit defended by the insurer, or interest on such a judgment, only to the insured who was directly owed the defense duty." (*Id.* at p. 693.)

■ Clark also challenges the reasoning of *San Diego Housing.* Clark essentially concedes the decision's basic premise that the insurer's obligation to pay costs and interest arises under the supplemental payments provision of the policy, and the supplemental payments provision is a function of the insurer's defense obligation, not its indemnity obligation. But he challenges the conclusion a judgment creditor is not an intended third party beneficiary of the supplemental payments provision. He argues it is within the contemplation of the insured and the insurer when the insurance contract is formed that the obligation to pay costs and interest under the supplemental payments provision "will come into force when the award of such costs and interest is merged in the judgment." And at that point the judgment creditor is the intended beneficiary of the supplemental payments provision. Clark argues by not allowing the judgment creditor to directly enforce the obligations in the supplemental payments provision, *San Diego Housing* exonerates the insurer from duties for which it charged the insured a premium and "defeats the legitimate expectation of a judgment creditor that he or she will receive all the legal benefits of prevailing in the action . . . ." Clark has not persuaded us the reasoning of *San Diego Housing* is faulty. Section 11580 permits direct action subject to the terms and limitations of the policy. The supplemental payments provision is part of the insurer's duty to defend the insured. Although the insurer that fails to pay costs and interest on a judgment against its insured might expose itself to a charge it has violated its duty to defend the insured, absent an assignment of that right to the judgment creditor it cannot be directly enforced by it. (*San Diego Housing, supra,* 95 Cal.App.4th at p. 691.) ■ In sum, a third party judgment creditor may not enforce an

award of costs and interest in a section 11580 direct action against the insurer. Accordingly, the trial court properly granted summary judgment for CIGA. In view of this conclusion, we need not address CIGA's argument costs and interest are not covered claims because they were incurred prior to Reliance's insolvency.

## DISPOSITION

The judgment is affirmed. Respondent is awarded its costs on appeal.

Rylaarsdam, Acting P. J., and Bedsworth, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 21, 2011, S197833. Werdegar, J., did not participate therein.