**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JAMES B. COPELAN, on behalf of himself and all others similarly situated; BRIAN M. LOWENTHAL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>INFINITY INSURANCE COMPANY; LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendants-Appellees. | No. 16-55980<br><br>D.C. No. 2:16-cv-01355-R-JPR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted February 5, 2018
Pasadena, California

Before: W. FLETCHER, BERZON, and OWENS, Circuit Judges.

Plaintiffs-Appellants James B. Copelan and Brian M. Lowenthal

("Plaintiffs") appeal the district court's dismissal of their six causes of action. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

have jurisdiction under 28 U.S.C. § 1291.  We reverse in part, affirm in part, and remand for further proceedings.

Much of this case turns on whether Lowenthal's policy with Infinity Insurance Company ("Infinity") covered damages for the diminution in value of Copelan's car.  We hold that the policy does provide such coverage.  Lowenthal's policy covers "damages . . . for . . . property damage for which an insured person is legally liable because of an accident."  "Property damage" is defined as "physical damage to tangible property, including destruction or loss of its use."  Although diminution in value is not itself a form of physical damage, it is an accepted way of measuring damage.  *See Pruyn v. Agric. Ins. Co.*, 42 Cal. Rptr. 2d 295, 300 n.6 (Ct. App. 1995); *State Farm Fire & Cas. Co. v. Superior Court*, 264 Cal. Rptr. 269, 274–75 (Ct. App. 1989).  The damage measured in terms of diminution in value could be physical damage, which Lowenthal's policy covers; it could be so-called stigma damage, which Lowenthal's policy does not cover, *see Carson v. Mercury Ins. Co.*, 148 Cal. Rptr. 3d 518, 528 (Ct. App. 2012); or it could be both.  Here, on the facts Plaintiffs alleged, it is the first; the diminution in value was caused by "physical damage to tangible property."  We therefore reverse the dismissal of the first cause of action as to Infinity.

However, we affirm the dismissal of the first cause of action as to Liberty Mutual Fire Insurance Company ("Liberty").  Plaintiffs have failed to allege that Liberty's pursuit of its subrogation claims prevented Copelan and other putative class members from recovering from their tortfeasors.  *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("Plaintiff must show that he was foreclosed from recovering from the tortfeasor because of Defendant's act of seeking and obtaining reimbursement.").  Plaintiffs may amend their complaint on remand to specify that Lowenthal's policy with Infinity, properly interpreted to cover diminution in value measuring physical damage, and Lowenthal's personal assets are insufficient to satisfy Copelan's judgment, and to make similar allegations for the other putative class members.

We affirm the dismissal of the second cause of action as to Liberty and Infinity.  Plaintiffs stated in their complaint that this cause of action was "brought pursuant to" California Insurance Code § 790.03.  That provision does not authorize a private cause of action.  *See Zhang v. Superior Court*, 304 P.3d 163, 177 (Cal. 2013).

We affirm the dismissal of the third cause of action.  Under its policy with Copelan, Liberty had discretion to repair the Mercedes.  Plaintiffs have not alleged that Liberty's repairs left the car "unsafe," *Baldwin v. AAA N. Cal., Nev. & Utah*

3

*Ins. Exh.*, 204 Cal. Rptr. 3d 433, 442 (Ct. App. 2016), or otherwise failed to return it to its "normal running condition," *Ray v. Farmers Ins. Exh.*, 246 Cal. Rptr. 593, 595 (Ct. App. 1988). As a result, Liberty's "election to repair is conclusive," regardless of any diminution in value. *Ray*, 246 Cal. Rptr. at 595. The third cause of action also sought relief based on Liberty's pursuit of its subrogation claims. For the reasons discussed above, we affirm the dismissal of this part of the third cause of action, as well, subject to any amendments Plaintiffs may make to their complaint.

We affirm the dismissal of the fourth cause of action, given that the object of the alleged conspiracy entailed the same conduct we rejected as a basis for liability under the third cause of action. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994) ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort.").

We reverse the dismissal of the fifth cause of action. California law authorizes Copelan to enforce the judgment he obtained directly against Infinity. *See* Cal. Ins. Code § 11580(b); *Clark v. Cal. Ins. Guarantee Ass'n*, 133 Cal. Rptr. 3d 1, 4 (Cal. App. 2011). We reject Infinity's argument that Copelan cannot pursue a diminished-value claim as a lessee, as Copelan is not pursuing a

4

diminished-value claim before us. He seeks only to enforce his state small-claims judgment against Infinity's insured Lowenthal, which was upheld after a trial de novo in state superior court.

Finally, we reverse the dismissal of the sixth cause of action. As discussed above, Lowenthal's policy covers diminution-in-value damages. Plaintiffs did not waive this argument below. They have adequately alleged a breach of contract and the duty of good faith.

On remand, leave to amend the dismissed causes of action should be granted "unless [the district court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

We grant Liberty's motion to take judicial notice (Dkt. 23). Such notice is limited to the fact of the pleadings; it does not extend to the truth of what is pleaded.

Each party shall bear its own costs on appeal.

**REVERSED in part, AFFIRMED in part, and REMANDED.**