**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLETTE LEWIS; ALEXIS LEWIS; MARGRETT LEWIS; JEFFREY LEWIS, *Plaintiffs-Appellants*, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY; LIBERTY INTERNATIONAL UNDERWRITERS, *Defendants-Appellees.* | No. 18-16140 <br><br> D.C. No. 3:18-cv-01138-WHO <br><br><br> OPINION |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted December 5, 2019
San Francisco, California

Filed March 30, 2020

Before: Eugene E. Siler,[*] Richard R. Clifton,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

---

[*] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY[**]

### Forum Selection

The panel affirmed the district court's dismissal on the grounds of *forum non conveniens* of a diversity insurance coverage action.

Plaintiffs obtained a $45 million judgment in a products liability suit brought against EcoSmart, Inc. When EcoSmart declared bankruptcy, plaintiffs brought this action against EcoSmart's insurer for payment on the judgment. The district court dismissed the suit based on a forum-selection clause in the insurance policy designating Australian courts as the exclusive forum.

The panel held that under California law because the plaintiffs stood in the shoes of EcoSmart, their third-party creditors' rights were derivative of the rights and limitations held by the bankrupt insured, and thus the forum-selection clause applied. The panel further held that the plaintiffs had not shown that the clause violated California public policy or that Australia was an inadequate forum for suit. The panel rejected plaintiffs' arguments that Cal. Ins. Code § 11580, or Cal. Ins. Code § 678.1, precluded litigation in Australia.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Leslie R. Perry (argued) and Deborah S. Bull, Perry Johnson Anderson Miller & Moskowitz LLP, Santa Rosa, California, for Plaintiffs-Appellants.

Jack DiCanio (argued), Skadden Arps Slate Meagher & Flom LLP, Palo Alto, California; James R. Carroll, Skadden Arps Slate Meagher & Flom LLP, Boston, Massachusetts; for Defendants-Appellees.

---

**OPINION**

BYBEE, Circuit Judge:

Plaintiffs Nicolette Lewis and her family (the Lewis family or the Lewises) were awarded more than $45 million in a products liability suit brought against EcoSmart, Inc. ("EcoSmart"). When EcoSmart declared bankruptcy, the Lewises brought a direct action against EcoSmart's insurer, Liberty Mutual Insurance Company ("LMIC"), for payment on the judgment. LMIC argued that its insurance policy with EcoSmart had a forum-selection clause designating Australian courts as the exclusive forum, so the suit must be dismissed on the grounds of *forum non conveniens*. The district court granted LMIC's motion to dismiss.

We conclude that, because the Lewises stand in the shoes of EcoSmart, their third-party creditors' rights are derivative of the rights and limitations held by the bankrupt insured, and thus the forum-selection clause applies. We further conclude that the Lewises have not shown that the clause violates California public policy or that Australia is an inadequate

forum for suit.  Thus, we affirm the judgment of the district court.

## I.  BACKGROUND

The facts of this case are truly tragic.  Nicolette Lewis was severely burned after lighter fluid in a container caught fire and spewed over her.  Nicolette's twin sister, Alexis, and parents, Jeffrey and Margrett, also sustained burns and emotional trauma.  The family brought tort claims against EcoSmart, and its corporate parent, The Fire Company, Pty, Ltd. ("TFC"), in California state court.  TFC, an Australian company, did not file an answer.  The Superior Court of California for Sonoma County found EcoSmart liable and awarded damages exceeding $45 million.

While the Lewises' products-liability action was ongoing, EcoSmart sought indemnification and the provision of a defense from LMIC, its insurer.  LMIC had provided insurance policies to EcoSmart and TFC.  The insurance policy in place from April 30, 2013 to April 30, 2014 likely would have covered the Lewises' claims (the 2013–14 Policy).  But the fire occurred on June 8, 2014.  By that point, a new policy had been issued (the 2014–15 Policy).  The 2014–15 Policy, however, significantly reduced the policy limits and excluded coverage of claims for any product holding fuel unless it was fitted with a "flame arrester."  The Lewises' products-liability claim was based on EcoSmart's failure to supply a flame arrester on the product sold to the Lewis family.  Both insurance policies had forum-selection and choice-of-law clauses designating Australian courts as the exclusive forum and Australian law as governing.  Citing the 2014–15 Policy, LMIC declined to defend EcoSmart or

provide indemnification.     EcoSmart then declared bankruptcy.

The Lewis family sought recovery from LMIC in California state court, alleging that the 2013–14 Policy remained in effect for an additional sixty days—which would have covered the accident—because LMIC had failed to give EcoSmart adequate notice of the change in the policy, as required by California insurance law.  LMIC removed the case to federal court and promptly filed a motion to dismiss the claim on the basis of the forum-selection clause and *forum non conveniens*, asserting that under the forum-selection clause Australia was the exclusive forum for the suit.  The plaintiffs countered that they were not bound by provisions in a contract to which they were not parties.   But LMIC responded that the Lewis family stood in EcoSmart's shoes and, hence, assumed any terms and conditions that would bind EcoSmart in making a claim under the policy.

The district court found the facts and posture of this case troubling.  Nevertheless, the court concluded that "plaintiffs' claims for damages are derivative of EcoSmart's," meaning that they "have to stand in EcoSmart's shoes to recover." Thus, the court felt compelled to honor the forum-selection clause.  The court also determined that the clause was neither unreasonable nor unjust.  Following dismissal on *forum non conveniens* grounds, the Lewis family brought this appeal.

## II.  STANDARD OF REVIEW

We review the district court's dismissal "on the basis of *forum non conveniens* for an abuse of discretion." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011).  The district court abuses its discretion if it identifies

an incorrect legal standard, applies the correct standard "illogically, implausibly, or in a manner without support in inferences that may be drawn from facts in the record." *Id.* In the context of *forum non conveniens*, the district court abuses its discretion if it "'strike[es] an unreasonable balance of relevant factors.'" *Id.* (quoting *Ravelo Monegro v. Rosa*, 211 F.3d 509, 511 (9th Cir. 2000)). The validity of a forum-selection clause is governed by federal law. *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013).

## III.  DISCUSSION

The Lewis family raises three arguments. First, they contend that, as non-signatories to the insurance policy, they are not bound by the forum-selection clause. Second, they argue that, even if the forum-selection clause applies to them, enforcement of the forum-selection clause would violate California's strongly held public policy, as codified in §§ 678.1 and 11580 of the California Insurance Code. And, third, the Lewises argue that Australia is an inadequate forum in which to pursue their claims, and it was an abuse of discretion for the district court to grant LMIC's motion to dismiss.

## A.  *The Forum-Selection Clause Is Binding on the Plaintiffs*

At first glance, the Lewises' claim that they are not bound by the terms of the insurance policy appears entirely sensible. They never had the opportunity to negotiate or assent to the terms of LMIC's policy. They are merely tort creditors looking to recover a judgment. But the Lewises' argument collides with a basic premise of California law governing insurance contracts.

Although the Lewises are not insured under the LMIC policy, they are, as they concede, third-party judgment creditors of EcoSmart, which was insured under the LMIC policy. "[I]t is well-settled contract law that the scope of a" third-party's rights can be "defined by the contract." *TAAG Linhas Aereas de Angl. v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990). Under California law, "the injured third person [bringing a tort claim against an insurance company] stands in the shoes of the insured tort feasor" and "gets no greater rights than the tort feasor" would have if the tort feasor sought indemnification from the insurance company. *Olds v. Gen. Accident Fire & Life Assurance Corp.*, 155 P.2d 676, 681 (Cal. Dist. Ct. App. 1945), *disapproved on other grounds by Barrera v. State Farm Mut. Auto Ins. Co.*, 456 P.2d 674 (Cal. 1969). In other words, "if the tort feasor could not recover, neither can the injured third person." *Id.*; *accord Home Indem. Co. of N.Y. v. Standard Accident Ins. Co. of Detroit*, 167 F.2d 919, 930 (9th Cir. 1948) (explaining that any limitations that would preclude the insured from receiving indemnification "will likewise bar the injured person from recovering against the insurer should the judgment in his favor and against the [in]sured remain unsatisfied" (quoting *Valladao v. Fireman's Fund Indem. Co.*, 89 P.2d 643, 646 (Cal. 1939))).

More pertinent to this case, California courts have explained that "a judgment creditor who has prevailed in a lawsuit against an insured party may bring a direct action against the insurer *subject to the terms and limitations of the policy*." *W. Heritage Ins. Co. v. Superior Court*, 132 Cal. Rptr. 3d 209, 216 (Cal. Ct. App. 2011) (emphasis added). And "in a suit by an injured third person against the tortfeasor's insurer, the insurer may raise *any defense* against the injured person that it could have raised against the

insured." *Shapiro v. Republic Indem. Co. of Am.*, 341 P.2d 289, 290 (Cal. 1959) (emphasis added).

Nevertheless, the Lewis family asserts that California law precludes application of any contractual provisions against third parties that are not intended to benefit the specific third party. They reason that, as plaintiffs, they may choose their own venue unless LMIC can show that the forum-selection clause was adopted for their benefit. This turns California law on its head. In *Murphy v. Allstate Insurance Co.*, the California Supreme Court explained that a third party creditor can only enforce the rights of a contract that were specifically created for the third party. 553 P.2d 584, 588 (Cal. 1976). The principle prevents, for example, a judgment creditor from bringing a direct action against an insurance company for satisfaction of the judgment against the insured *and* for violation of the duty to defend the insured. California courts have held that the latter claim is for the benefit of the insured alone and can only be brought by a judgment creditor if it was received through assignment of the claim. *Id.* at 589–90; *see Clark v. Cal. Ins. Guar. Ass'n*, 133 Cal. Rptr. 3d 1, 6–7 (Cal. Ct. App. 2011); *San Diego Hous. Comm'n v. Indus. Indem. Co.*, 116 Cal. Rptr. 2d 103, 121–22 (Cal. Ct. App. 2002). That principle limits what claims the third party can make; it does not deprive the insurer of any protections it has under the policy.

Under California law, the provisions of the insurance contract that bind the insured will also bind a third-party judgment creditor. As a result, the plaintiffs here are bound by the terms of the insurance policy—including the forum-selection clause—unless California insurance law prevents its operation or Australia is an inadequate or inconvenient forum.

B.  *Dismissal for* Forum Non Conveniens *Was Proper*

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013).  In a case in which there is no forum-selection clause, "a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal."  *Carijano*, 643 F.3d at 1224.  However, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 571 U.S. at 64.  In a case that can be transferred within the federal system, "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed."  *Id.*; *see Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087–88 (9th Cir. 2018).  "[T]he same standards should apply to motions to dismiss for *forum non conveniens* in cases involving valid forum-selection clauses pointing to state or foreign forums."  *Atl. Marine*, 571 U.S. at 66 n.8.

We have held that

> a forum-selection clause [is] controlling unless the plaintiff [makes] a strong showing that: (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely

> difficult and inconvenient that [the plaintiff]
> will for all practical purposes be deprived of
> his day in court."

*Yei A. Sun*, 901 F.3d at 1088 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)).  The Lewises do not claim that the forum-selection clause was the product of fraud or overreaching, but they do argue that (1) enforcement of the *forum-selection clause* would contravene California policy, and (2) Australia is an inadequate and inconvenient forum for litigation in which they will be deprived of their day in court.

    1.   Enforcement of the Forum-Selection Clause Is Not Foreclosed by California Law

The Lewis family asserts that California law forecloses operation of the forum-selection clause.  When a forum-selection clause violates "a strong public policy of the forum in which suit is brought," then it "should be held unenforceable."  *M/S Bremen*, 407 U.S. at 15.  We have referred to such policies as "unwaivable public rights." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1292 (9th Cir. 2006) (en banc) (internal quotation marks omitted).  The Lewises point to two California provisions—§§ 678.1(d) and 11580 of the California Insurance Code.  They contend that these sections create unwaivable public rights violated by the forum-selection clause.

California, through § 11580, provides a direct cause of action against an insurer for anyone who has secured a judgment for bodily injury against the insured.  *See* Cal. Ins. Code § 11580(b)(2) (2019). In § 678.1(d), California requires an insurer to give an insured at least sixty-days' notice of

material changes in the policy; if the insurer fails to do so, the original policy continues in effect for sixty days.  Cal. Ins. Code § 678.1(d) (2019).  The Lewises allege that LMIC failed to give EcoSmart the requisite notice of the change in coverage and, accordingly, the 2013–14 Policy continued in effect for sixty days, which would cover the incident.[1]  By contrast, the Lewises claim Australian law provides no such equivalent protection.[2]  Plaintiffs therefore conclude that litigating this case in an Australian forum under Australian law would preclude their exercise of these non-waivable statutory rights and, hence, violate California's public policy.

Beginning with § 11580, we fail to see how litigating this claim in Australia will contradict the policies undergirding that statute.  States, of course, have "a manifest interest in providing [their] residents with a forum for reaching insurance companies who refuse to honor legitimate claims." *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1399 (9th Cir. 1986).  This interest is especially strong "with regard to companies that insure against loss from liability for *personal injury*, whose actions implicate the safety of the state's residents."  *Id.*  To help ensure recovery,

---

[1] The accident occurred on June 8, 2014, which is less than sixty days from the expiration of the 2013–14 Policy on April 30, 2014.

[2] We have declarations in the record from Australian solicitors in support of the Lewis family and LMIC.  Although a precise understanding of Australian law is not critical to our judgment here, it appears that Australian law provides some comparable protection for an insured, although not as generous as § 678.1.  For purposes of this appeal, we will assume that the Lewises would not prevail on their claims if Australian law controls which LMIC policy applies.

> Section 11580 requires every liability policy
> issued in California to contain a provision that
> whenever judgment is secured against the
> insured in an action based upon bodily injury,
> death, or property damage, for which the
> insurer is liable, then an action may be
> brought by the judgment creditor against the
> insurer to recover on the judgment.

*Sanchez v. Truck Ins. Exch.*, 26 Cal. Rptr. 2d 812, 815 (Cal.
Ct. App. 1994).

In § 11580, California has announced that an insurance
policy must allow for some kind of action to seek recovery
when judgment is rendered against the insured. *See* Cal. Ins.
Code § 11580(b)(2); *see also Clark*, 133 Cal. Rptr. 3d at 4
(explaining that "all policies issued in the state must contain"
such a provision and "[i]f the provision is absent from the
policy, the policy will be construed as containing the
provision"). California's courts are an available forum for
executing judgments against insurance companies. But
nothing in the statute suggests that California has made its
own courts the exclusive jurisdiction for such claims. Rather,
§ 11580 simply provides "that whenever judgment is secured
against the insured . . . based upon bodily injury, death, or
property damage, then an action *may be brought* against the
insurer." Cal. Ins. Code § 11580(b)(2) (emphasis added).

We do not read § 11580 to abrogate non-California
forum-selection clauses. Instead, the provision says that a
plaintiff looking to enforce a judgment from a bodily-injury
claim against an insurance company will have some forum to

seek judicial recourse.[3]   Nothing in the statute prevents setting non-Californian tribunals as designated fora.  Indeed, the statute allows insurance contracts to place conditions on a right of action.  It says, "[A]n action may be brought against the insurer on the policy and *subject to its terms and limitations*." Cal. Ins. Code § 11580(b)(2) (emphasis added). To the extent plaintiffs claim that § 11580 alone mandates that their claim be heard here, they stretch the statute's protection too far.   Thus, because the Lewises are not foreclosed from raising their claim in an Australian court, their argument that § 11580 precludes litigation in Australia gains no traction.

Likewise, § 678.1 provides no haven here.  Under that provision, California law requires insurers to give the insured at least sixty-days' notice of certain conditions for renewal of the contract.  Cal. Ins. Code § 678.1(c).  If the insurer fails to provide such notice, then the provisions of the terms of the prior insurance policy remain in effect "for a period of 60 days after the insurer gives the notice."  *Id.* § 678.1(d).  To obtain coverage under the more generous 2013–14 Policy, the Lewis family alleges that EcoSmart only received notice of the significant reductions in coverage seventy-two hours before the 2013–14 Policy was due to lapse.  If true, then the 2013–14 Policy's provisions would still have been in effect

---

[3] If the effect of an insurance policy were to completely deprive the plaintiff of recourse to the courts in seeking to recover a judgment, then the contract would likely contravene § 11580.  *See Sanchez*, 26 Cal. Rptr. 2d at 816, 818 (holding that where the insurer declined to defend the insured and the insured settled with the plaintiff, § 11580 prevented the insurer's reliance on a "no action" clause requiring that any judgment result from "actual trial"); *see also Haisten*, 784 F.2d at 1399 ("[T]he state has a manifest interest in providing its residents with *a forum* for reaching insurance companies . . . ." (emphasis added)).

at the time of injury by operation of § 678.1(d). But if Australian law applies to the exclusion of § 678.1, the Lewis family appears to be out of luck. Thus, they need § 678.1 to constitute an unwaivable right that is incorporated in the contract.

However, "an antiwaiver provision [in a state statute] by itself does not supersede a forum-selection clause." *Yei A. Sun*, 901 F.3d at 1090. Rather, there must be "a statute or judicial decision that clearly states such a strong public policy," precluding enforcement of the forum-selection clause. *Id.*; *see id.* (identifying "the strong federal policy of enforcing forum-selection clauses"). Nothing on the face of § 678.1 indicates that the statute embodies such a strong policy. *See* Cal. Ins. Code § 678.1(d). And no reported California case indicates that § 678.1 qualifies as a strong policy. Absent such authorities, we will not read § 678.1 to thwart the forum-selection clause here. Thus, California law does not prevent operation of an otherwise valid forum-selection clause.

### 2.   Australia Is Not an Inadequate or Inconvenient Forum

We now consider the Lewises' remaining claims that Australia is an inadequate or inconvenient forum. We conclude that these arguments fail.

The Lewis family levels several charges against the Australian forum. Most seriously, they contend that litigating the case in Australia will mean, in all practical effect, that they cannot recover. The Lewis family highlights differences in substantive law between California and Australia. These differences, they claim, will preclude relief. Recall that there are two insurance policies at issue here. The 2013–14 Policy

would cover the injuries suffered, but the 2014–15 Policy apparently would not.  Although the fire occurred after the 2014–15 Policy went into effect, the Lewises contend that under California law, the 2013–14 Policy should still control because LMIC did not provide EcoSmart with sufficient notice of material changes between the two policies. Meanwhile, the Lewises argue that Australian law apparently would require a court to enforce the 2014–15 Policy.  Thus, the Lewis family fears that because Australian courts are likely to apply Australian law, they will effectively be deprived of any remedy.

We have long recognized that "dismissal on grounds of *forum non conveniens* may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250 (1981); *see Creative Tech., Ltd. v. Aztech Sys. Pte, Ltd.*, 61 F.3d 696, 701–02 (9th Cir. 1995) ("A court may dismiss on forum non conveniens grounds even though the foreign forum does not provide the same range of remedies as are available in the home forum."); *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 768–69 (9th Cir. 1991) (affirming that a forum was adequate even though it would foreclose bringing RICO and Lanham Act claims).  What is critical is not whether a party will be disadvantaged by the forum-selection clause, but whether the forum will be adequate:  whether "an alternative forum is available where the defendant is amenable to service of process and the forum provides 'some remedy' for the wrong at issue."  *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006) (citation omitted); *see Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1144 (9th Cir. 2001) (explaining that a forum is adequate if it offers some "practical remedy for the plaintiff's complained of wrong").

When there is a forum-selection clause, we "must enforce [the] forum-selection clause unless the contractually selected forum affords the plaintiffs no remedies whatsoever. . . . 'It is the *availability* of a remedy that matters, not predictions of the likelihood of a win on the merits.'" *Yei A. Sun*, 901 F.3d at 1092 (quoting *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 774 (5th Cir. 2016)). To the extent the Lewis family asserts inadequacy simply because Australian law may be less favorable to them, we must reject their argument.

We further emphasize that the forum may not make any practical difference here. Both insurance policies include a choice-of-law clause favoring Australian law. Thus, even if this case remained in the district court in California, the court would likely still apply Australian law—leading to the same result the Lewises see as inevitable if forced to litigate in Australia. It would be especially inappropriate for us to find a foreign forum inadequate when a California court might very well reach the same conclusion based on the choice-of-law provision. More importantly, we have not heard any argument that Australian courts would be unwilling to entertain the Lewises' argument that California law—specifically, § 678.1—might apply to an insurance contract enforceable in California. These are complicated questions that we are not prepared to answer but that can be addressed in any litigation brought in Australia. *See Piper Aircraft*, 454 U.S. at 251 ("The doctrine of *forum non conveniens* . . . is designed in part to help courts avoid conducting complex exercises in comparative law.").

The Lewis family also raises a potential collateral-estoppel concern. An Australian court, in separate litigation in 2018 to which the Lewis family was not a party, found that the injuries did not occur while the 2013–14 Policy was in

effect. If this prior judgment would thwart all prospect of relief, then the Lewis family might have a valid concern. Some courts have denied dismissal for *forum non conveniens* when it was clear that a domestic forum would allow the case to proceed, but a foreign forum would bar any prospect of relief. *See, e.g.*, *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 736 (7th Cir. 2010) (holding *forum-non-conveniens* dismissal was inappropriate because the claim would be barred by a statute of limitations); *Malewicz v. City of Amsterdam*, 517 F. Supp. 2d 322, 340 (D.D.C. 2007) (denying *forum non conveniens* dismissal because "Plaintiffs' claims would be barred in the Dutch courts based on liberative and acquisitive prescription" doctrines).

However, LMIC's counsel assured us at oral argument that the prior judgment will not estop the Lewis family from raising their claims in Australia and the Lewis family will be able to bring their claim in an Australian court. Taking LMIC at its word, we need not be concerned that the Lewis family will face no practical prospect of relief in Australia. Given LMIC's assurances, the Lewis family will be able to raise the merits of their claims before the Australian court and have that court consider their claims without impediment.

The Lewis family also says that the Australian court may not even accept and hear their case. Apparently, under Australian rules of procedure, they must first request leave of court to file an action to recover the judgment. But this too does not appear to impair the Lewises' ability to air the merits of their claim. First, plaintiffs have not shown that this is any more than a formality or that there is any serious risk that the Australian courts would deny leave to file suit. Second, as a declaration from one of the Australian solicitors represents, leave may be refused "if the insurer can prove that it is

entitled to deny liability under the contract of insurance." Thus, a denial of leave to proceed with a claim appears to be tied to the merits of the suit.

Finally, the Lewis family asserts that *forum-non-conveniens* dismissal was inappropriate because Australia is a remote and inconvenient forum—stressing the high costs and great inconvenience to their family of litigating this matter in Australia. A forum-selection clause can be invalidated if its enforcement "will be so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court." *M/S Bremen*, 407 U.S. at 18. While we do not doubt that bringing this claim in Australia will impose burdens on the Lewis family, we are unable to conclude that the district court abused its discretion in failing to refuse dismissal for this reason. Australia has its own interests in this contract and this dispute because TFC—the parent of EcoSmart—is an Australian company, and the insurance policies' valuations are in Australian dollars. We must assume that the clause "may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place." *Atl. Marine*, 571 U.S. at 66. Further, LMIC issued the insurance policies to TFC and EcoSmart in Australia under its Australian trade name. Thus, even if litigating in Australia will be more costly for the Lewis family, Australia is not so remote from this insurance dispute to justify a different outcome.

* * *

As the Lewis family has not demonstrated that they will be deprived of their day in court if this claim is transferred to

Australia, we have no grounds to conclude that Australian courts are an inadequate forum.  Accordingly, the district court did not abuse its discretion in dismissing this case.

## IV.  CONCLUSION

Although we sympathize with the Lewis family, we cannot undo a binding obligation simply because its application may prolong or exacerbate suffering.  The law compels us to apply the forum-selection clause.

**AFFIRMED**.